IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN V. GOUGH, JR.
    Plaintiff                                      :

    v.                                                  :    CIVIL ACTION NO. DKC-15-3095

CALVERT COUNTY DETENTION CENTER   :
MISTY BELL[1]
CAPTAIN COOK                                  :
MS. ANN, Psychiatrist
PHYSICIAN'S ASSISTANT DOE              :
JOHN DOE 1, Guard
JOHN DOE 2, Guard                          :
    Defendants

## MEMORANDUM OPINION

Plaintiff John V. Gough, Jr., a resident of the District of Columbia, filed this civil rights action in the Superior Court of the District of Columbia on October 28, 2014,[2] seeking money damages.[3] (ECF No. 1-3, p. 1). His allegations centered around the treatment allegedly received during confinement at the Calvert County Detention Center ("CCDC"). Gough stated, *in toto*, that he was subjected to "violation of first amendment rights (religious persecution)," "inhumane treatment" and "drug experimentation," denial of "proper medication (medical and mental)" and "attempted murder" as defined by District of Columbia law. *Id.*

Counsel for CCDC promptly removed the case to the United States District Court for the District of Columbia and remitted the civil filing fee. (ECF No. 1-2). After providing Gough an opportunity to amend his Complaint (ECF Nos. 7 and 8), the District of Columbia district court transferred the case here. (ECF No. 20). Gough was ordered to supplement his complaint (ECF

---

[1] The Clerk shall amend the docket to reflect the additional Defendants.

[2] At the time he filed his complaint, Gough was residing in Washington, D.C., and was no longer held in detention.

[3] *See Gough v. Calvert County Detention Center,* Civil Action No. 14-0006818 (D.C. Superior Court).

No. 23) and has done so, naming additional Defendants involved in his alleged mistreatment and indicating the events outlined in his pleadings occurred between September 21 and October 21, 2011.  ECF No. 24 at 1-2.

In light of Gough's indigency status, the United States Marshall shall effect service of process on Defendants Bell, Cook and Ms. Ann.  *See* Fed. R. Civ. P. 4(c)(3).  Gough, however, has failed to furnish completed 285 U.S. Marshal service of process forms for each of the three Defendants.  Until he cures this problem, service shall not be issued. The Clerk shall be directed to mail three copies of the Marshal forms to Gough, who must complete and return them to the Clerk within twenty-one (21) days from the date of this order.   Failure to comply with this order may result in dismissal without prejudice of Gough's complaint.

Once the forms are received, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process.

Accordingly, it is this 24th day of December, 2015, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL MAIL three copies of the Marshal service of process form ("285 form") to plaintiff;

2. Plaintiff IS GRANTED TWENTY-ONE (21) days from the date of this order in which to complete the Marshal forms and return them to the Clerk.  Plaintiff is cautioned that the failure to return the completed Marshal forms in a timely manner may result in the dismissal of this case without prejudice and without further notice;

3. Upon receipt of the forms, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process;

4. The Clerk SHALL PROVIDE a copy of this order to the United States Marshal to be utilized as an attachment for the return of service. If service of process is made by mail, the Marshal is reminded it must be made "Restricted Delivery – Return Receipt Requested;" and

5. Plaintiff IS REQUIRED to inform the Clerk of any change of address during the pendency of this action, pursuant to Local Rule 102.1.b.iii. (D. Md. 2014).

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge