IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN V. GOUGH, JR. | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. DKC-15-3095 (Consolidated with DKC-15-3434) |
| CALVERT COUNTY DETENTION CENTER MISTY BELL CAPTAIN KEVIN CROSS[1] ANN UENO[2] PHYSICIAN'S ASSISTANT DOE JOHN DOE 1, Guard JOHN DOE 2, Guard | : : : : | |
| Defendants | : | |

## MEMORANDUM OPINION

Defendants Cross, Ueno and Bell have filed Motions to Dismiss (ECF Nos. 31, 33 and 35) which are opposed by Plaintiff John V. Gough, Jr. (ECF No. 36, 37 and 40). Cross and Ueno have filed replies to Gough's opposition responses. (ECF Nos. 41 and 43). A hearing is unnecessary for resolution of the Motions. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, Defendants' motions shall be DENIED and the parties shall be given additional time to file further papers.

**Procedural History**

Gough, a resident of the District of Columbia, filed this civil rights action in the Superior Court of the District of Columbia on October 28, 2014,[3] seeking money damages.[4] (ECF No. 1-

---

[1] The Clerk shall amend the docket to substitute Captain Kevin Cross for "Captain Cook."

[2] The Clerk shall amend the docket to substitute Ann Ueno for "Ms. Ann C."

[3] At the time he filed his complaint, Gough was residing in Washington, D.C., and was no longer held in detention.

[4] *See Gough v. Calvert County Detention Center,* Civil Action No. 14-0006818 (D.C. Superior Court).

3, p. 1). His allegations center around the treatment allegedly received during confinement at the Calvert County Detention Center ("CCDC"). Gough stated that he was subjected to "violation of first amendment rights (religious persecution)," "inhumane treatment" and "drug experimentation," denial of "proper medication (medical and mental)" and "attempted murder" as defined by District of Columbia law. *Id.*

Counsel for CCDC promptly removed the case to the United States District Court for the District of Columbia and remitted the civil filing fee. (ECF No. 1-2). After providing Gough an opportunity to amend his complaint (ECF Nos. 7 and 8), the District of Columbia district court transferred the case here. (ECF No. 20). On October 20, 2015, the court dismissed CCDC and ordered Gough to supplement his complaint. (ECF No. 23). Gough did so, naming additional Defendants involved in his alleged mistreatment and indicating the events outlined in his papers occurred between September 21 and October 21, 2011. (ECF No. 24 at 1-2, ¶ 4; ECF No. 25 at 3-4, ¶ 4). A similar complaint, *Gough v. Calvert County Detention Center, et al.,* Civil Action No. DKC-15-3434 (D. Md.), was consolidated for the purpose of preliminary review and docketed as a second amended complaint here. (ECF No. 26). Following service of process, Defendants Bell, Cross and Ueno moved to dismiss the complaint as untimely filed.

**Plaintiff's Allegations**

Liberally construed, the complaint sounds in tort (for medical negligence or malpractice), with additional claims suggesting violations of civil rights under 42 U.S.C. § 1983. In his amended complaint, Gough states that Cross and Bell encouraged him to eat rather than partake in a religious fast, and placed a "tally sheet" on his door so that a log could be kept if he decided to eat. He further notes that he was threatened with transfer to another facility if he continued to

fast and required forced feeding.[5]  ECF No. 8 at 2.  As noted in an Order dated October 20, 2015 (ECF No. 23), these actions do not constitute religious persecution in violation of the First Amendment and are not at issue here.

Gough also stated in his amended complaint that because he decided to fast, "they" (presumably Cross and Bell) placed him in a cold room and handcuffed him to a steel bench, where he stayed for two days without a pillow, blanket or mattress. (ECF No. 8 at p. 2).  This claim was permitted to proceed and Gough was ordered further to supplement his claim to name the individuals who subjected him to those conditions, as well as set forth what injury he incurred as a result of this incident.[6]  Gough did so in his second amended complaint.  (ECF No. 26).

Gough specified that the events of which he complained occurred between September 21, 2011 and October 1, 2011, while he was detained at CCDC.  (ECF No. 25 at p. 4; ECF No. 37 at p. 2).  He indicates that Defendant Ueno provided medication to other detainees but refused to provide him with same.  (ECF No. 37 at 2).  He states he delayed filing his lawsuit because he thought the statute of limitations already had expired, and because injury sustained during an unrelated encounter with law enforcement officials caused "loss of memory."[7]  (ECF No. 36 at 2).

---

[5]   Gough does not indicate that he was transferred or that the threat of transfer impacted his decision to fast.

[6]   The medical claims outlined in the amended complaint were dismissed without prejudice so that Gough could file a separate medical action, using the appropriate forms.  (ECF No. 23 at p. 4).

[7]   That incident occurred on January 8, 2010, when two Calvert County Sheriff's Department deputies arrested Gough during an investigation.  Charges were later dropped.  Gough's civil rights action regarding the January 8, 2010 incident in which he alleged he suffered a broken arm, a concussion, and other injuries, was dismissed as time-barred on November 20, 2015.  *See Gough v. Livingston, et al.,* Civil Action No. DKC-15-3096 (D. Md.), Memorandum Opinion of November 20, 2015, ECF Nos. 10 and 11.

**Defendants' Response**

All named Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). While each offers a plethora of arguments for dismissal, each agrees that the complaint, received in the Superior Court of the District of Columbia prior to its transfer and removal, was filed outside the applicable statute of limitations. (ECF No. 31-1 at pp. 11-12; ECF No. 33 at p. 3; ECF No. 35-1 at p. 2).

**Analysis**

The filing of a complaint outside the statute of limitations is an affirmative defense to be pleaded and proved by a defendant.[8] Here, all Defendants raise the limitations defense, citing Gough's November 20, 2015 submission, docketed as a second supplement to the amended complaint. (ECF No. 31-1 at p. 6; ECF No. 33 at 1, adopting argument set forth in ECF No. 31-1; ECF No. 35-1 at pp. 3-4 and 7-8).

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to this case. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox*, 529 F.2d at 50. The running of the statute of limitations began on

---

[8] Expiration of the limitations period is not normally considered in a Rule 12(b)(6) motion to dismiss unless the deficiency is apparent on the face of the complaint.

October 21, 2011, the date on which Gough indicates the misconduct ended. (ECF No. 25 at 4).[9] Under Md. Code Ann., Cts. & Jud. Proc. § 5-201(a), when a cause of action subject to a limitation period accrues in favor of a minor or mental incompetent, that individual "shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed." Generally, a person may meet the legal definition of disability within the statute of limitations when the insanity or unsoundness of mind is of such a nature as to render the individual unable to manage his business affairs or to comprehend his legal rights or liabilities. *See Decker v. Fink,* 47 Md. App. 202, 207 (1981). At this juncture, the question as to Gough's loss of memory has been raised, but not explored.

Defendants' motions are styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The question of Gough's mental condition has arisen, both in regard to the limitations question and in regard to his claim that he requested and was denied medication and was otherwise subjected to poor conditions of confinement due to his desire to "fast."

Had Defendants captioned their motions "in the alternative" as motions for summary judgment, and submitted matters outside the pleadings for the court's consideration, Gough

---

[9] Gough was detained at the Calvert County Detention Center from September 21, 2011 until October 21, 2011. This finding is further supported by Maryland's electronic docket, which shows Gough was released from confinement on criminal charges on October 21, 2011 in Case No. 5000045309. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?.

would be deemed to be on notice that conversion under Rule 12(d) may occur.  However, the court "does not have an obligation to notify parties of the obvious."  *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).  In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so.  *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Fisher v. Md. Dept. of Pub. Safety & Corr. Servs.*, Civ. No. JFM-10-0206, 2010 WL 2732334, at *3, 2010 U.S. Dist. LEXIS 68772, at *8-10 (D. Md. July 8, 2010).

      Much progress has been made toward resolution of this case.  The proper names of the parties have been ascertained, Gough has indicated as best he can what role(s) Bell, Cross and Ueno played in the alleged violation of his civil rights during his brief confinement at CCDC, and Gough has presented an allegation that his delay in filing this action may be the result of mental impairment.  Because additional material outside the pleadings may be needed to resolve the limitations issue and/or to determine the merits of Gough's complaint, Defendants' Motions to Dismiss shall be denied and the parties shall be given additional time to file further responses to the amended complaint, by separate order to follow.

  April 20, 2016                                                                            /s/
Date                                                                               DEBORAH K. CHASANOW
                                                                                 United States District Judge