IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN V. GOUGH, JR. | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. DKC-15-3095 (Consolidated with DKC-15-3434) |
| CALVERT COUNTY DETENTION CENTER MISTY BELL CAPTAIN KEVIN CROSS ANN UENO PHYSICIAN'S ASSISTANT DOE JOHN DOE 1, Guard JOHN DOE 2, Guard | : : : : | |
| Defendants | : | |

## MEMORANDUM OPINION

On April 20, 2016, this court denied motions to dismiss filed by Defendants Cross, Ueno and Bell (ECF Nos. 31, 33 and 35) subject to renewal as motions for summary judgment. (ECF Nos. 44 and 45). Defendants have filed motions for summary judgment (ECF Nos. 46, 48 and 51) which are opposed by Plaintiff John V. Gough, Jr. (ECF Nos. 53, 54 and 55). Defendants have filed replies. (ECF Nos. 56, 57 and 58). A hearing is unnecessary for resolution of the case. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the dispositive motions shall be GRANTED[1] and this case closed.

**Procedural History**

Gough, a resident of the District of Columbia, filed this civil rights action in the Superior Court of the District of Columbia on October 28, 2014,[2] seeking money damages.[3] (ECF No. 1-

---

[1] Physician's Assistant Doe, John Doe 1 Guard, and John Doe 2 Guard were never identified and were never served with the complaint. For reasons set forth herein, even had these individuals been identified and served, they too would be entitled to dismissal from suit.

[2] At the time he filed his complaint, Gough was residing in Washington, D.C., and was no longer held in detention.

[3] *See Gough v. Calvert County Detention Center,* Civil Action No. 14-0006818 (D.C. Superior Court).

3, p. 1). His allegations centered around the treatment he allegedly received during confinement at the Calvert County Detention Center ("CCDC"). Gough stated, in *toto*, that he was subjected to "violation of first amendment rights (religious persecution)," "inhumane treatment" and "drug experimentation," denial of "proper medication (medical and mental)" and "attempted murder" as defined by District of Columbia law. (*Id.*).

Counsel for CCDC promptly removed the case to the United States District Court for the District of Columbia and remitted the civil filing fee. (ECF No. 1-2). After providing Gough an opportunity to amend his complaint (ECF Nos. 7 and 8), the District of Columbia district court transferred the case here pursuant to 28 U.S.C. § 1406(a).[4] (ECF No. 20). On October 20, 2015, the court dismissed CCDC and ordered Gough to supplement his complaint. (ECF No. 23). Gough did so, naming additional Defendants involved in his alleged mistreatment and indicating the events outlined in his pleadings occurred between September 21 and October 21, 2011. (ECF No. 24 at 1-2, ¶ 4; ECF No. 25 at 3-4, ¶ 4). A similar complaint, *Gough v. Calvert County Detention Center, et al.,* Civil Action No. DKC-15-3434 (D. Md.), was consolidated for the purpose of preliminary review and docketed as a second amended complaint here. (ECF No. 26). Following the service of process, Defendants Bell, Cross and Ueno moved to dismiss the complaint as untimely filed. As noted, these motions were denied without prejudice to permit resubmission of motions for summary judgment to include additional materials outside the pleadings and to provide Gough an additional opportunity to respond.

**Plaintiff's Allegations**

Liberally construed, the complaint sounded in tort (for medical negligence or malpractice), with additional claims suggesting violations of civil rights under 42 U.S.C. § 1983. In his amended complaint, Gough states that Cross and Bell encouraged him to eat rather than

---

[4] Because the case was transferred pursuant to § 1406, this court applies Maryland law, and not the law of the transferee district. *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 526 (4th Cir. 1987).

partake in a religious fast, and placed a "tally sheet" on his door so that a log could be kept if he decided to eat. He further notes that he was threatened with transfer to another facility if he continued to fast and required forced feeding.[5] ECF No. 8 at 2. As noted in an Order dated October 20, 2015 (ECF No. 23), these actions do not constitute religious persecution in violation of the First Amendment and cannot proceed here.

Gough also stated in his amended complaint that because he decided to fast, he was placed in a cold room and handcuffed to a steel bench, where he stayed for two days without a pillow, blanket or mattress. (ECF No. 8 at p. 2). This claim was permitted to proceed and Gough was ordered further to supplement his claim to name the individuals who subjected him to those conditions, as well as set forth what injury he incurred as a result of this incident.[6] Gough did so in his second amended complaint. (ECF No. 26).

Gough specified that the events of which he complained occurred between September 21, 2011 and October 1, 2011, while he was detained at CCDC. (ECF No. 25 at p. 4; ECF No. 37 at p. 2). He states he delayed filing his lawsuit because he thought the statute of limitations already had expired, and because injury sustained during an unrelated encounter with law enforcement officials caused "loss of memory."[7] (ECF No. 36 at 2). He also reiterates his allegations against the Defendants and requests additional money damages in his second opposition response, as supplemented.[8] (ECF Nos. 53, 54 and 55).

---

[5] Gough does not indicate that he was transferred or that the threat of transfer impacted his decision to fast.

[6] The medical claims outlined in the amended complaint were dismissed without prejudice so that Gough could file a separate medical action, using the appropriate forms. (ECF No. 23 at p. 4).

[7] That incident occurred on January 8, 2010, when two Calvert County Sheriff's Department deputies arrested Gough during an investigation. Charges were later dropped. Gough's civil rights action regarding the January 8, 2010 incident, in which he allegedly suffered a broken arm, a concussion, and other injuries, was dismissed as time-barred on November 20, 2015. *See Gough v. Livingston, et al.,* Civil Action No. DKC-15-3096 (D. Md.), Memorandum Opinion of November 20, 2015, ECF Nos. 10 and 11.

[8] His request that Defendant Ueno be criminally charged for failing to provide him psychotropic medications (ECF No. 55 at 1) is denied. The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or

**Defendants' Response**

All named Defendants move for summary judgment pursuant to Fed. R. Civ. P. 54.[9] While each offers a plethora of arguments for dismissal or judgment, each agrees that the complaint, received in the Superior Court of the District of Columbia prior to its transfer and removal, was filed outside the applicable statute of limitations. (ECF No. 46-1 at pp. 10-11; ECF No. 49 at pp. 10-12; ECF No. 51 at pp. 9-12).

**Analysis**

The filing of a complaint outside the statute of limitations is an affirmative defense to be pleaded and proved by a defendant.[10] Here, all Defendants raise the limitations defense, citing Gough's November 20, 2015 submission, docketed as a second supplement to the amended complaint. (ECF No. 31-1 at p. 6; ECF No. 33 at 1, adopting argument set forth in ECF No. 31-1; ECF No. 35-1 at pp. 3-4 and 7-8).

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to this case. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox*, 529 F.2d at 50. The running of the statute of limitations began on

---

nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) aff'd, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), cert denied, ____ U.S. ____, 133 S. Ct. 1263 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).

[9] Defendant Cross also moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 46-1 at pp. 10-11).

[10] Expiration of the limitations period is not normally considered in a Rule 12(b)(6) motion to dismiss unless the deficiency is apparent on the face of the complaint.

October 21, 2011, the date on which Gough indicates the misconduct ended. (ECF No. 25 at 4).[11] Under Md. Code Ann., Cts. & Jud. Proc. § 5-201(a), when a cause of action subject to a limitation period accrues in favor of a minor or mental incompetent, that individual "shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed." Generally, a person may meet the legal definition of disability within the statute of limitations when the insanity or unsoundness of mind is of such a nature as to render the individual unable to manage his business affairs or to comprehend his legal rights or liabilities. *See Decker v. Fink,* 47 Md. App. 202, 207 (1981). Gough does not suggest that he is insane or that his "memory loss" rendered him unable to carry out his affairs. He has litigated in this court on several occasions, and since 2010 has been involved as a complainant or defendant in several actions filed in the Maryland state courts.[12]

Nothing suggests that Gough is entitled to equitable tolling of the limitations period in this case. The limitations period for seeking redress under the civil rights statute or under Maryland law for this alleged misconduct expired a week before Gough initiated his action in the District of Columbia Superior Court. The complaint, as amended and supplemented, is time-barred[13] and shall be dismissed in a separate order to follow.


Date:  June 8, 2016                            /s/
                                               DEBORAH K. CHASANOW
                                               United States District Judge

---

[11] Gough was detained at the Calvert County Detention Center from September 21, 2011 until October 21, 2011. This finding is further supported by Maryland's electronic docket, which shows Gough was released from confinement on criminal charges on October 21, 2011 in Case No. 5000045309. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

[12] This information is gleaned from Maryland's electronic judiciary case search. *See* http://casesearch.courts.state.md.us/casesearch/inquiry-results.jsp?.

[13] As this determination is sufficient to dismiss this case, the court declines to reach the merits of the additional grounds for dismissal presented by Defendants.